UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

---

P3, as Parent and natural Guardian of
S3, an Infant,

                           Plaintiff

v.                                                      CV NO. 21-CV-6546-EAW-MJP
                                                      MEMORANDUM OF LAW

HILTON CENTRAL SCHOOL DISTRICT,
KIRK ASHTON, as Principal of Northwood
Elementary School, and DAVID DIMBLEBY,
as former Superintendent of HILTON CENTRAL SCHOOL
DISTRICT, and DR. CASEY KOSIOREK, as
Superintendent of HILTON CENTRAL SCHOOL
DISTRICT, in their individual and official capacities,

                           Defendants.

---

**Introduction and Background**

      The allegation is that in March 2025 Ashton may start receiving his NYSTRS pension. According to the newspaper article referred to by the Court, Ashton "could" possibly receive $64,000 per year. That amounts to slightly more than $5,000 per month. It is respectfully submitted that collection of any portion of those funds would be highly unlikely. Furthermore, it should be noted that the issue of the collectability of any judgment against Defendant Ashton is a factor, but not the only factor, relevant to the determination of whether or not to grant the motion to Voluntarily Dismiss. As set forth in the Plaintiff's Memorandum in support of the initial motion, if Defendant Ashton were to be found more that 50% liable for S3's damages, it would impact the portion S3 may be able to collect from Hilton Central School (HCSD) and thereby dilute S3's ultimate recovery. Therefore, the ability to collect anything from Ashton is not just an "add-on" to

what can be collected from HCSD but could result in a dramatic reduction in the total actual recovery.

**POINT I:  ANY PENSION FUNDS RECEIVED ARE EXEMPT FROM EXECUTION OF JUDGMENTS**

Judgments cannot be executed directly against most retirement accounts and more specifically against teacher's pensions and pensions generally.  See, generally, Section 524 of NY Education Law and CPLR 5205.

In relevant part, NY Education Law Section 524 states: "The right of a teacher to a pension…. shall not be subject to execution, garnishment, attachment or any other process whatsoever, and shall be unassignable except as in this article specifically provided…".   It has been held that a federal District Court is bound by state law respecting exemptions contained in this section. *In re Barry*, 52 F. Supp. 496 (E.D.N.Y. 1943), affirmed, 141 F 21d 1021 (2nd Cir. 1944).

CPLR 5205 lists tangible intangible items of personal property which are exempt from application to the satisfaction of money judgments.  Except for rights of an individual under a Qualified Domestic Relations Order (discussed below), public or private pensions are statutorily exempt payments, meaning exempt from application to the satisfaction of a money judgment.  See: CPLR 5205(i)(2).

Any bank account into which funds are made electronically or by direct deposit from statutorily exempt payments is protected up to $2,500.00 by that fact alone. However, nothing alters the exempt status of the pension funds themselves.  See CPLR 5205 (i)(1).    Once the funds are deposited in a bank account, should a judgment creditor serve a restraining notice and income execution on a bank account belonging to

the judgment debtor, pursuant to CPLR 5222, a notice is required to be served upon the judgment debtor, so that the debtor may claim the funds are exempt if they fall within certain categories.  The contents of the notice lists exempt assets, specifically including public or private pensions.  CPLR 5222(e)

**POINT II: EVEN IF THE RETIREMENT FUNDS LOSE THEIR EXEMPT STATUS, THE PRACTICALITIES OF ENFORCEMENT AND IMPACT ON COLLECTION AGAINST HCSD SUPPORT THE MOTION TO VOLUNTARILY DISCONTINUE AGAINST ASHTON**

Even assuming arguendo that the deposit of such funds into a bank account, for example, would deprive those payments of their exempt status, once the pension funds are received by Ashton, and presumably located, any and all judgment creditors would be completing to enforce their judgments on a monthly basis.

According to the newspaper article referred to by the court, and public records, there is a divorce proceeding pending between Defendant Ashton and his wife. Pursuant to the Domestic Relations Law, his wife is likely entitled to a significant portion of his pension, perhaps as much as 50% if it was earned entirely during the marriage. See, generally, Domestic Relations Law Section 236 B. Upon information and belief, it is a long term marriage.

When one takes into consideration that Ashton's wife may receive 50% of the pension, pursuant to a Qualified Domestic Relations Order and the number of potential judgment creditors and weigh the amounts possibly available to apply to a judgment and the real possibility that Ashton's proportionate responsibility could exceed 50%, thereby limiting what can be collected from HCSD, continuing the action against Ashton presents little potential upside and significant potential downside.

JEFFREY WICKS, PLLC
Attorneys for Plaintiff
36 West Main Street, Suite 101
Rochester, New York 14614
Telephone: (585) 325-6070
jwicks@wickslaw.net

4