UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

P3, *as Parent and Natural Guardian of S3, an infant*,

                Plaintiff,

v.

HILTON CENTRAL SCHOOL DISTRICT,
KIRK ASHTON, *as Principal of Northwood Elementary School*, DR. CASEY KOSIOREK, and *as Superintendent of Hilton Central School District*,

                Defendants.

**ORDER**

6:21-CV-06546 EAW

---

Presently pending before the Court is Plaintiff's motion to voluntarily dismiss without prejudice the claims against defendant Kirk Ashton. (Dkt. 84). For the following reasons, the motion is granted.

Plaintiff, an infant, filed this case on August 23, 2021, against defendants the Hilton Central School District ("the HCSD"), Kirk Ashton, and Dr. Casey Kosiorek. (Dkt. 1). Both the HCSD and Kosiorek asserted crossclaims against Ashton. (Dkt. 33; Dkt. 35). On November 7, 2023, the Court granted Plaintiff's motion to settle the case as against the HCSD and Kosiorek. (Dkt. 70).

Thereafter, on April 19, 2024, Plaintiff filed a stipulation of discontinuance as to defendant Ashton, seeking to dismiss the claims against him with prejudice. (Dkt. 81). On April 23, 2024, the Court issued a Text Order rejecting the stipulation. (Dkt. 82). Specifically, the Court explained that Rule 41(a)(1) of the Court's Local Rules of Civil

Procedure provides that actions brought on behalf of infants require court approval before they are settled or discontinued, and Plaintiff had not sought the Court's approval before attempting to dismiss the claims against Ashton. (*Id.*). The Court directed Plaintiff to file an application for leave to discontinue the action against Ashton on or before May 10, 2024. (*Id.*). After obtaining an extension of time (Dkt. 83), on June 7, 2024, Plaintiff filed the motion to voluntarily dismiss the claims against Ashton without prejudice (Dkt. 84). In the motion, Plaintiff asked that the Court dismiss Ashton from the case, including because he is unemployed and in prison, and the collection of any judgment from him would be unlikely. (*Id.* at 3).

Thereafter, on June 12, 2024, the Court issued a Text Order citing to a June 12, 2024 article in the Rochester Democrat & Chronicle, indicating that Ashton is eligible to receive his state pension in 2025, which would result in his receiving thousands of dollars per month. (Dkt. 85). The Court noted that any such recovery would significantly undercut the argument that collection of any judgment against Ashton would be unlikely and directed Plaintiff to make a supplemental submission addressing the issue of Ashton's state pension. (*Id.*).

Plaintiff filed a supplemental submission on July 26, 2024. (Dkt. 87). In the submission, Plaintiff argues that the collection of any proceeds from Ashton's pensions would be "highly unlikely," and also that the collectability of any judgment against Ashton is a factor, but not the only factor, relevant to the determination of whether or not to grant the motion to voluntarily dismiss. (*Id.*). The HCSD and Kosiorek filed a response on

August 16, 2024, stating that they do not oppose Plaintiff's motion to dismiss Ashton from the case and agree to discontinue their crossclaims against him. (Dkt. 89).

Plaintiff moves to dismiss Ashton pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, which permits the dismissal of an action by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). "[T]here is a general presumption that motions to dismiss claims without prejudice should be granted," and "[u]ltimately, the decision to grant a motion to dismiss pursuant to Rule 41(a)(2) is left to the sound discretion of the district court." *Benitez v. Hitachi Metals of Am., Ltd.*, No. 11 Civ. 6816(NRB), 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012) (citations omitted). The Second Circuit has provided five factors to be considered when evaluating a motion for voluntary dismissal:

> (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citation omitted). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Id*.

The Court has carefully considered the factors above. The Court agrees that there would be difficulties and uncertainties with the potential collection of any monetary judgment against Ashton, who is and will remain incarcerated. The HCSD and Kosiorek have indicated that they do not object to the dismissal of Ashton from the case. Further, the Court has carefully reviewed Plaintiff's settlement agreement with the HCSD and

Kosiorek (*see* Dkt. 70), which alone provides for a significant recovery, and is fair and reasonable to the infant plaintiff.

Accordingly, Plaintiff's motion to voluntarily dismiss the claims against Ashton without prejudice (Dkt. 84) is granted, and the claims asserted against him are dismissed. The Clerk of Court is directed to terminate Ashton as a defendant and to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      October 21, 2024
            Rochester, New York